UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Frost, Jr., | ) | C/A No. 8:05-723-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| George T. Hogan, Warden, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

_____

    This matter has been filed pursuant to 42 U.S.C. § 1983 against the Warden of Allendale Correctional Institution. According to the complaint, the plaintiff has a severe heart condition for which he is prescribed "nitroquick". Plaintiff alleges he was transferred to the Administrative Segregation Unit (ASU) at Allendale on or about September 2004. Plaintiff states that since he has been held in ASU he has been exposed to second-hand tobacco smoke.

    A review of the exhibits attached to plaintiff's complaint reveal that he filed a "request to staff member" in October of 2004 about some conditions of his confinement including the second-hand smoke issue. He received a reply which indicated that this was not possible since smoking "is not allowed in the SMU cells and rock area." Plaintiff filed a Step one grievance about the same issue but was told that the grievance would be "closed out as unprocessed" because he failed to provide "specific information." It appears that the plaintiff checked the box on the Step 1 grievance form which states "I do not accept the action taken and wish to appeal", however, the plaintiff has not provided a copy of his Step 2 grievance. Instead, the plaintiff filled out another "request to staff member" form, wherein he was again told that his grievance was "unprocessed". Plaintiff has also attached as an exhibit to his complaint a hand-rolled cigarette which he has taped to a piece of paper. In his prayer for relief plaintiff seeks a jury trial, a temporary restraining order, and damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

The claims which plaintiff raises, while appropriate for a Section 1983 action, cannot be heard by a District Court until the plaintiff has exhausted his prison administrative remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S. Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary

damages, so long as grievance tribunal has authority to take some responsive action).

Plaintiff must fill out a Step 1 grievance form about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within 15 days of the alleged incidents. The Warden will respond to the grievance in writing no later than 40 days from the filing of the initial grievance. If the plaintiff is not satisfied with the Warden's response, the plaintiff may file an appeal of his Step 1 grievance by filing a Form 10-5a, Step 2 grievance, with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have 60 days to respond to the Step 2 grievance. If after Step 2, the prisoner is still not satisfied with the "Step 2" resolution of the matter, the prisoner may appeal to the District Court.

It is not necessary to file an appeal with the state Administrative Law Judge Division for matters pertaining to a prisoner's *conditions of confinement*. See Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.)("Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court . . . ."), *cert. denied*, 537 U.S. 949 (2002). *See also* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); Freeman v. Francis, 96 F.3d 641 (6th Cir. 1999); Martinez v. Dr. Williams R., 186 F.Supp.2d 353 (S.D. N.Y. 2002); Bowman v. Haynes, 282 F.Supp.2d 488 (N.D. W.Va. 2003).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process, so that the plaintiff may exhaust his prison remedies. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra;

Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important notice on the next page.

                                                      s/Bruce H. Hendricks
                                                      United States Magistrate Judge

March 30, 2005
Greenville, South Carolina